# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TRACY ALAN COTRELL,

    Petitioner,

v.                                    CIVIL ACTION NO.: CV214-145

SUZANNE HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Tracy Cotrell ("Cotrell"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Cotrell filed a Traverse. Respondent filed a Surreply. Cotrell filed a Sur-Surreply. For the reasons which follow, Cotrell's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Cotrell pleaded guilty in the Northern District of Florida to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Cotrell was sentenced to life imprisonment on the conspiracy charge and to 120 months' imprisonment on the firearm charge, to be served concurrently. (Doc. No. 9-1, pp. 1–4). Cotrell's sentence was based on the government's notice of intent to seek an enhanced sentence based on Cotrell's previous felony convictions in the State of Ohio

for trafficking marijuana and for drug abuse. (Doc. No. 9, p. 2). Cotrell filed a direct appeal with the Eleventh Circuit Court of Appeals, which he later moved to dismiss. (Id. at p. 3).

Cotrell filed a motion to vacate his sentences and convictions pursuant to 28 U.S.C. § 2255 and asserted that his plea agreement was entered into involuntarily and that counsel was ineffective. Cotrell's motion was denied. (Doc. Nos. 9-8, 9-9).

In this petition, Cotrell asserts that his mandatory life sentence exceeds the statutory maximum sentence because he did not have the requisite predicate convictions to receive a life sentence. Cotrell also asserts that his trial counsel was ineffective for failing to object to the government's aggregation of methamphetamine sales to establish the statutory maximum.

Respondent asserts that Cotrell fails to satisfy the savings clause of § 2255(e), and his petition should be dismissed. Respondent also asserts that Cotrell's contentions lack merit.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

AO 72A
(Rev. 8/82)

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: throughout his sentencing, direct appeal, and first section 2255 proceeding, binding Eleventh Circuit precedent had specifically addressed and squarely foreclosed the petitioner's current claim; subsequent to his first section 2255 proceeding, the Supreme Court overturned that precedent; the Supreme Court's new rule applies retroactively on collateral review; and as a result of that new rule, the petitioner's sentence exceeds the statutory maximum. See Bryant, 738 F.3d at 1274). A petitioner must satisfy all of these requirements to obtain relief under Bryant.

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable, the Eleventh Circuit distinguishes substantive rules from procedural rules. New substantive rules "generally apply retroactively on collateral review." Bryant, 738 F.3d at 1277 (citing Schriro v. Summerlin, 542 U.S. 348, 351–52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by

AO 72A
(Rev. 8/82)

interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

The Supreme Court held in Descamps that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. ___ U.S. at ___, 133 S. Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA and does not "narrow the scope of a criminal statute by interpreting its terms." Bryant, 738 F.3d at 1277 (quoting Schriro, 542 U.S. at 351–52). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is. Furthermore, Cotrell (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactively applicable as a substantive rule or as a new "watershed" procedural rule. Thus, as several other district courts have held, the

AO 72A
(Rev. 8/82)

rule announced in Descamps is not retroactively applicable to cases on collateral review. United States v. Upshaw, Nos. 4:02cr3, 4:14cv278, 2014 WL 3385118, at *2 (N.D. Fla. July 9, 2014) (the Supreme Court has not declared Descamps to be retroactively applicable to cases on collateral review); Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25) (N.D. Ohio) (Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.) (Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.) (Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion).

In addition, Cotrell has unsuccessfully attacked his conviction and sentence by filing a section 2255 motion. "The mere fact that such a [§ 2255 motion] is procedurally

barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Cotrell is attempting to bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Even if the other cases to which Cotrell cites, such as United States v. Rodriguez, 553 U.S. 337 (2008), Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265 (2010), and Burgess v. United States, 553 U.S. 124 (2008), announced new rules of constitutional law which apply to cases on collateral review, Cotrell's petition would be filed outside of the limitations period found at 28 U.S.C. § 2255(f)(3) (a section 2255 motion must be filed within one year of the Supreme Court's announcement of a new, retroactively applicable law).

Cotrell has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all requirements must be satisfied before section 2255's savings clause is satisfied). Simply because Cotrell's contentions were not sustained on previous occasions, this does not render § 2255 inadequate or ineffective to permit Cotrell to proceed pursuant to section 2241. Because Cotrell has not satisfied the

requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Cotrell cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Cotrell is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cotrell's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of January, 2015.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE