# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| TRACY ALAN COTRELL, | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO.: CV214-145 |
| SUZANNE HASTINGS, Warden, | * |
| Respondent. | * |

## ORDER

Presently before the Court are Petitioner Tracy Cotrell's ("Cotrell") Objections to Magistrate Judge James E. Graham's Report and Recommendation. Dkt. No. 14. After an independent and *de novo* review of the entire record, the undersigned: **OVERRULES** Cotrell's Objections, dkt. no. 16; concurs with the Magistrate Judge's Report and Recommendation; **ADOPTS**, as supplemented below, the Magistrate Judge's Report and Recommendation as the opinion of the Court; and **DISMISSES** Cotrell's Petition for Writ of Habeas Corpus, dkt. no. 1, filed pursuant to 28 U.S.C. § 2241.

**I. Background**

Cotrell is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia. Cotrell was

convicted in the Northern District of Florida after he pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] Cotrell was sentenced to life imprisonment on the conspiracy charge and to 120 months' imprisonment on the firearm charge, to be served concurrently. Dkt. No. 9, p. 1 (citing United States v. Cotrell, Case No. 4:01-cr-00011, Dkt. Nos. 49, 50, 63) (S.D. Fla.)).

Cotrell's sentence was based in part on the Government's notice of intent, filed pursuant to 21 U.S.C. §§ 841 and 851, to seek an enhanced sentence because Cotrell was a repeat felony drug offender. Specifically, the Government sought enhancement due to two felony convictions from the State of Ohio Court of Common Pleas: 1) trafficking marijuana and aggravated trafficking in Case No. 86cr144B, and 2) drug abuse in Case No. 88cr268. Id. at p. 2. After his sentencing in the Southern District of Florida, Cotrell filed a direct appeal with the Eleventh Circuit Court of Appeals, which he later moved to dismiss. Id. at p. 3.

---

[1] Cotrell was charged by superseding indictment with conspiracy to distribute and to possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(viii) and 846. Dkt. No. 9-3, p. 2.

Cotrell filed a motion to vacate his sentences and convictions pursuant to 28 U.S.C. § 2255 in the Northern District of Florida and asserted that his plea agreement was not entered into voluntarily and that counsel was ineffective for failing to advise him of what was required to earn a substantial assistance motion.[2] The Northern District of Florida denied Cotrell's motion. Dkt. Nos. 9-8, 9-9. The Eleventh Circuit dismissed Cotrell's appeal for lack of prosecution. Dkt. No. 9, p. 4.

In this Petition, Cotrell argues his Ohio conviction for drug abuse is not a "controlled substance offense" "and as such could not serve as a predicate conviction for enhancement." Dkt. No. 1, p. 4. Cotrell alleges that the sentencing court aggregated the methamphetamine sales from four (4) separate occasions to "trigger a violation of 21 U.S.C. §§ 841(b)(1)(A) & (B)." Id. According to Cotrell, his claims were foreclosed during previous opportunities to attack his sentences, and he cannot bring the claims he presents to this Court in a second or successive Section 2255 motion. Cotrell essentially argues he satisfies the savings clause of Section 2255(e) and should be permitted to proceed via this Section 2241 Petition.

---

[2] Respondent notes the provisions of Cotrell's plea agreement that Cotrell faced a mandatory term of life imprisonment and that "'absent a substantial assistance motion, the statutory provisions require a life sentence on Count One.'" Dkt. No. 9, p. 2 (quoting Cotrell, Case No. 4:01-cr-00011, Dkt. No. 50) (S.D. Fla.)).

Respondent asserts Cotrell fails to satisfy the savings clause, and his petition should be dismissed. Respondent also asserts Cotrell's contention that his sentence should not have been enhanced is without merit, as the phrase "controlled substance offense" is irrelevant to Cotrell's sentence as a repeat felony drug offender under 21 U.S.C. §§ 841 and 851. Dkt. No. 9, p. 6.

The Magistrate Judge determined that Cotrell failed to satisfy the savings clause of Section 2255(e) because he did not cite to any retroactively applicable case law which would permit Cotrell to file a second or successive Section 2255 motion.[3] Dkt. No. 14, pp. 2-6. For this same reason, the Magistrate Judge also determined Cotrell could not bring a second or successive Section 2255 motion pursuant to subsection (h) of that statute.[4] Id. at p. 7. The Magistrate Judge observed

---

[3] To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014). In Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: throughout his sentencing, direct appeal, and first section 2255 proceeding, binding Eleventh Circuit precedent had specifically addressed and squarely foreclosed the petitioner's current claim; subsequent to his first Section 2255 proceeding, the Supreme Court overturned that precedent; the Supreme Court's new rule applies retroactively on collateral review; and as a result of that new rule, the petitioner's sentence exceeds the statutory maximum. See Bryant, 738 F.3d at 1274.

[4] A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

Cotrell had unsuccessfully attacked his convictions and sentences on a previous occasion and noted that the procedural restrictions applicable to second or successive Section 2255 motions does not make the remedy afforded by Section 2255 inadequate or ineffective. Id. at pp. 6-7.

Cotrell filed Objections to the Magistrate Judge's Report and Recommendation. The undersigned concurs with the Magistrate Judge's determination that Cotrell fails to satisfy Section 2255's savings clause and the Magistrate Judge's recommended dismissal of Cotrell's Petition. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338 (11th Cir. 2013) (holding that the savings clause imposes a subject matter jurisdictional limit on Section 2241 petitions). Nevertheless, Cotrell raises arguments in his Objections which the undersigned now addresses, in conjunction with certain arguments contained in Cotrell's original Petition.

## II. Discussion

Cotrell contends his "drug abuse" conviction in the State of Ohio is not a controlled substance offense and cannot serve

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

as a "predicate conviction" for enhancement purposes. Dkt. No. 1, p. 4. Cotrell argues he is factually innocent of the predicate convictions forming the basis of his enhanced sentence. Dkt. No. 16, p. 4. Cotrell also argues that the use of his drug abuse conviction as a predicate felony conviction constitutes a violation of the ex post facto clause. Id. at p. 5.[5]

Cotrell's assertions reveal he has confused his sentence enhancement for being a repeat felony drug offender under 21 U.S.C. §§ 841 and 851 with the enhancement for prior "controlled substance offenses" under the career offender provisions of the United States Sentencing Guidelines ("U.S.S.G."), §§ 4B1.1 and B1.2. A defendant is a career offender under the Guidelines "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "Controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term

---

[5] Cotrell does not assert the Government failed to provide proper notice under 21 U.S.C. § 851 of its intention to seek a sentence enhancement pursuant to 21 U.S.C. § 841(b)(1)(A), and, therefore, the Court need not address any such argument.

exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

In contrast, the penalty provision of 21 U.S.C. § 841 provides for a mandatory sentence of life imprisonment for any person convicted of drug distribution offenses involving 50 grams or more of methamphetamine (as Cotrell was) "after two or more prior convictions for a felony drug offense have become final[.]" 21 U.S.C. § 841(b)(1)(viii) (West 2000 version). A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44) (West 2000 version). The United States Supreme Court interpreted the definition of "felony drug offense" as defined in Section 802 to be unambiguous and agreed with the interpretation that "all defendants whose prior drug crimes were punishable by more than one year in prison would be subject to the § 841(b)(1)(A) enhancement, regardless of the punishing jurisdiction's classification of the offense." Burgess v.

AO 72A
(Rev. 8/82)

United States, 553 U.S. 124, 129 (2008). In so doing, the Court noted "Congress stated that '[t]he term 'felony drug offense' *means* an offense that is punishable by imprisonment for more than one year.' 'As a rule, [a] definition which declares what a term 'means'. . . excludes any meaning that is not stated.'" Id. at 130 (emphasis, alterations, and ellipsis in original) (quoting Colautti v. Franklin, 439 U.S. 379, 392-93, n.10 (1979) (some internal quotation marks and citations omitted)).

Cotrell was convicted in the State of Ohio for "drug abuse" after he pled guilty to a third degree felony, O.R.C. § 2925.11(A), in Case Number 88cr268. Dkt. No. 9-10, p. 4. The statute for which Cotrell was convicted provides: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." OHIO REV. CODE ANN. § 2925.11(A) (West 2012).[6] A third degree felony for a violation of § 2925.11(A) involves an amount of at least ten (10) grams but less than twenty (20) grams of cocaine. OHIO REV. CODE ANN. § 2925.11(C)(4)(c) (West 2012). A third degree felony is punishable by up to three (3) years' imprisonment under Ohio law. OHIO REV. CODE ANN. § 2929.14(3)(b)(West 2012). Accordingly, Cotrell's State of Ohio conviction for drug abuse, which was an offense "relating to narcotic drugs, marihuana, or depressant or

---

[6] It does not appear that the most current version of this Ohio statute differs in any material way from the version under which Cotrell was convicted.

stimulant substances[,]" 21 U.S.C. § 802(44), constitutes a prior felony drug conviction for sentencing enhancement under Section 841(b)(1)(A). United States v. Badley, 178 F.3d 1296, 1999 WL 187450, at *4 (6th Cir. 1999)(unpublished)(noting that convictions for drug abuse under Ohio statute § 2925.11 constitute felonies under § 802(44)'s definition and count toward sentence enhancement under Section 841(b)(1)(A)). The Northern District of Florida court properly considered this prior felony drug offense in determining Cotrell's enhanced sentence.

The undersigned recognizes the cases Cotrell cites in support of his assertions. However, the majority of these cases concern the application of the career offender provisions of the Sentencing Guidelines and/or application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Descamps v. United States, ___ U.S. ___, 133 S Ct. 2275, 2282 (June 20, 2013) (determining the approach courts must take when analyzing whether a defendant's prior conviction under an indivisible statute constitutes a "violent felony" under the ACCA); Johnson v. United States, 559 U.S. 133, 136-42 (2010) (holding a felony conviction under Florida law for the offense of battery "by actually and intentionally touching another person" does not qualify as a "violent felony" under § 924(e)); United States v. Rodriquez, 553 U.S. 377, 380, 393 (2008) (holding that the

"maximum term of imprisonment . . . prescribed by law" for the Washington state drug convictions was the 10-year maximum set by the applicable recidivist provision and reversing the Ninth Circuit Court of Appeals' determination that the maximum term of imprisonment must be decided without taking recidivist enhancements into account to determine whether a previous conviction is a "serious drug offense" under the ACCA); and Brown v. Caraway, 719 F.3d 583, 589-94 (7th Cir. 2013) (holding that arson in the third degree under Delaware law is not a "crime of violence" for purposes of the career offender Guideline provision, U.S.S.G. § 4B1.1). Therefore, these cited cases do not provide Cotrell the support he desires and are inapplicable to his Petition, as his sentence was based on Section 841 and not the Guideline's career offender provision or the Armed Career Criminal Act.

Cotrell also cites Persaud v. United States, ___ U.S. ___, 134 S. Ct. 1023 (Jan. 27, 2014). This case is of no precedential value as the Supreme Court did not issue a decision on the merits but instead remanded the case to the Fourth Circuit Court of Appeals in light of the Solicitor General's position. The Fourth Circuit also remanded the case to the Western District of North Carolina, and that court has yet to rule on the merits of the Government's position. Persaud v. United States, Case No. 3:12CV509 (W.D. N.C.). In fact, the government has a pending

motion to hold Persaud's Section 2241 petition in abeyance pending the Fourth Circuit's determination in United States v. Surratt, No. 14-6851 (4th Cir.). Id. at Dkt. No. 15. According to the Assistant United States Attorney in that case, the district judge determined "under circumstances identical in all relevant ways to those presented in [Persaud's petition], that [Surratt's] petition was not entitled to relief under § 2241." Id. at p. 2.

Further, a review of Persaud's petition does not lend support for Cotrell's claims. Persaud is seeking sentencing relief pursuant to Sections 2255 and 2241 based on his belief that he was sentenced improperly to a statutory mandatory minimum sentence, and he cites to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Persaud, Case No. 3:12CV509, Dkt. No. 1, pp. 1, 5-9. In Simmons, the Fourth Circuit determined that Simmons' North Carolina conviction for marijuana possession, for which he faced no possibility of imprisonment, could not be used as a felony drug offense to enhance his sentence under Section 841(b)(1)(A). 649 F.3d at 238-40.

Unlike the petitioner in Simmons, Cotrell's conviction for drug abuse under Ohio law was punishable for a term of up to three years' imprisonment and qualifies as a felony drug offense, as discussed previously. Even if Persaud, a decision

which will arise out of the Fourth Circuit, were controlling precedent for this Court, this decision would not provide Cotrell with his requested relief.

### III. Conclusion

Cotrell's Objections, dkt. no. 16, are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Cotrell's Petition for Writ of Habeas Corpus, dkt. no. 1, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 3 day of March, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA